WALTER B. KEILT ET AL., APPELLANTS, v. ANNIE D. LOZIER ET AL., RESPONDENTS.

Decided July 3, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellants, *Huckin & Huckin*.

For the respondents, *William J. Morrison, Jr.*

PER CURIAM.

This is an action of ejectment, the question involved being the true location of the party line separating the lands of the respective parties, which are adjoining. The trial resulted in a verdict in favor of the defendants, and the plaintiffs have appealed from the judgment entered thereon.

The title to both tracts was originally in one Johnson. He sold the plaintiffs' tract in May, 1865, to one Everett, from whom the title passed by various mesne conveyances to the plaintiffs. Later, and in October, 1867, he sold the tract now owned by the defendants to one Sisson, and the defendants' title comes from Sisson by a similar chain. The present suit is based upon the claim that the defendants are occupying, without legal right, a strip of land about four feet in width abutting upon the dividing line separating the two tracts, but embraced in the conveyance by Johnson to Everett

and in the various subsequent conveyances by which the title thereto passed to the plaintiffs; and that they are the legal owners thereof. The contention of the defendants was that this claim was contrary to the fact, and the jury so found upon the testimony at the trial.

The first ground upon which we are asked to reverse the judgment is directed at an alleged error committed by the trial court in allowing, over objection, testimony with relation to the occupation of this strip of land by the defendants and their predecessors in title. The ground upon which this testimony was objected to was that adverse possession was not set up as a defense, and that, therefore, it was not competent to prove facts showing a title based upon it. It may be conceded that the testimony was not competent for the purpose stated; but it was not offered for that purpose. It had already been proved in the case that a fence had been constructed many years before along what the defendants claimed was the true location of the line separating the two tracts, and the purpose for which the testimony was offered was to show that for many years thereafter, and until the institution of the present suit, the defendants and their predecessors in title had been in actual possession of the land embraced in their deed, and which, as they asserted, included the strip involved in the present controversy, and that such possession had been not only continuous, but peaceful, until a comparatively short period before the institution of the present litigation. The validity of this testimony for the purpose for which it was offered cannot, as we think, be successfully controverted. The action of the court was fully justified by the rule laid down in *Jackson* v. *Perrine*, 35 *N. J. L.* 142, and followed in *Spottiswood* v. *Morris & Essex Railroad Co.*, 61 *Id.* 322, 339.

It is next contended that the court improperly charged the jury, in compliance with a request submitted by the defendants, that, even if there was no doubt of the true location of the plaintiffs' northerly line from the construction of the deeds which were offered in evidence, yet, if the jury should find from the evidence that the persons who by these deeds

were the former owners of the plaintiffs' property by their acts in locating the line had fixed it definitely, and so induced the defendants and those from whom they derived their title to act upon such erroneous location, the plaintiffs are bound by such location, and are, by their acquiescence and the acquiescence of their predecessors in title, now precluded from disputing the boundary line so fixed, even though the acquiescence was for a period less than twenty years. In our view, this instruction was legally unobjectionable. Whether there was evidence of the matters set out in the request was for the determination of the jury, and not of the court. If the jury found that there was such evidence, then the legal rule applicable to the situation, and already referred to, is a proper subject of a charge in that respect by the court.

Next, it is argued that the court improperly refused to charge the following request submitted by the plaintiffs: "There is no evidence in this case that any fence at any time had been erected to mark the northerly Everett line by the Everetts or anyone authorized by them or for whose action the Everetts or their successors in title were responsible." We consider that this request was properly refused. It does not contain any legal proposition, but calls for a finding of fact by the court of a matter which, under the proofs in the case, was for the determination of the jury.

The only other contention relied upon for reversal is that the court improperly refused to charge the jury, in compliance with the request of plaintiffs, that the defendants could not acquire a title by adverse possession unless they and their predecessors had occupied this land under a claim of right openly, notoriously and continuously for a period of twenty years. This request was properly denied, for the reason that there was no claim of adverse possession set up by the defendants, and that matter was not involved in the litigation.

The judgment under review will be affirmed.